# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW
COUNTY OF NASSAU
----------------------------------------x
Joshua Shehab individually and on behalf of others similarly situated

                          Plaintiff/Petition

Index    601225/2017

BRIDGESTONE RETAIL OPERATIONS, LLC and any other related entities

                         Defendant/Responde
----------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC SUPREME COURT CASES

    PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202 5-b (consensual electronic filing) This notice is being served as required by that rule

    NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to

    Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out

    The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents Normal filing fees must be paid, but this can be done on-line

    1) **Parties represented by an attorney:** An attorney representing a party who is served with this Notice must promptly either consent or decline consent to electronic filing and service through NYSCEF for this case Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www nycourts gov/efile Attorneys declining to consent must file with the court

    2) **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file all documents in paper form and must be served with all documents in paper form** However, an unrepresented

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated  02/14/2017

*[signature: Brett R Cohen]*
Signature

BRETT R. COHEN
Name

LEEDS BROWN LAW, P.C.
Firm Name

ONE OLD COUNTRY ROAD, STE 347
Address

CARLE PLACE, NY  11514
City, State, and Zip

516-873-9550
Phone

bcohen@leedsbrownlaw.com
E-Mail

To: _____
    _____
    _____

9/3/15

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JOSHUA SHEHAB, individually and on behalf of others similarly situated,<br><br>                              Plaintiffs,<br><br>- against -<br><br>BRIDGESTONE RETAIL OPERATIONS, LLC; and any other related entities,<br><br>                              Defendants. | Index No.:<br><br>**SUMMONS**<br>Date Filed: February 10, 2017<br><br>Plaintiffs designate the<br>**COUNTY OF NASSAU**<br>as the place of trial.<br><br>Venue is based on<br>*Plaintiffs' Residence.* |

TO THE ABOVE NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on Plaintiffs' attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of failure to appear or answer, judgment will be taken against you be default of the relief demanded in the Complaint.

Dated: Carle Place, New York
       February 10, 2017

LEEDS BROWN LAW, P.C.

*/s/ Brett R. Cohen*

Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiff and Putative Class*

TO: BRIDGESTONE RETAIL OPERATIONS, LLC
    c/o National Registered Agents, Inc.
    111 Eighth Avenue
    New York, New York 10011

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JOSHUA SHEHAB, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>BRIDGESTONE RETAIL OPERATIONS, LLC; and any other related entities,<br><br>Defendants. | **Index No.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff JOSHUA SHEHAB (the "Named Plaintiff"), by his attorneys, Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to New York Labor Law ("Labor Law") Article 6 §§ 190 *et seq.*, Labor Law Article 19 §§ 650 *et seq.*, 12 New York Codes, Rules and Regulations ("NYCRR") Part 142, to recover, *inter alia*, unpaid minimum wages and overtime compensation owed to the Named Plaintiff and all similarly situated persons who are presently or were formerly employed by BRIDGESTONE RETAIL OPERATIONS, LLC; and any other related entities, (hereinafter collectively referred to as "Defendants") at Defendants' "Firestone Complete Auto Care" facilities located in the State of New York.

2. Upon information and belief, beginning in February 2011 and continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to work uncompensated hours without providing minimum wages as required by applicable state law.

3. Upon information and belief, beginning in February 2011 and continuing through

1

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1
INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of 40 hours per week, without providing proper overtime compensation as required by applicable state law.

4. The Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including minimum wages and unpaid overtime compensation, which they were deprived of, plus interest, attorneys' fees, and costs.

## THE PARTIES

5. The Named Plaintiff, Joshua Shehab, is an individual who currently resides in the State of New York, and who was employed by Defendants as an auto repair technician from approximately March 2016 through September 2016, at the Firestone Complete Auto Care facility located at 680 Montauk Highway, West Babylon, New York 11704.

6. Upon information and belief, Defendant BRIDGESTONE RETAIL OPERATIONS, LLC is foreign limited liability corporation organized and existing under the laws of the State of Delaware, and is authorized to do business in the State of New York.

7. Upon information and belief, Defendant BRIDGESTONE RETAIL OPERATIONS, LLC owns and operates at least 45 different Firestone Complete Auto Care facilities in the State of New York, including, but not limited to, in Nassau County, Suffolk County, Kings County, Queens County, Richmond County, and Bronx County.

## JURISDICTION & VENUE

8. This Court has jurisdiction over this matter pursuant to Labor Law Article 6 §§ 190 *et seq.* and Article 19 §§ 650 *et seq.* This Court has jurisdiction over the parties pursuant to New York Civil Practice Law and Rules § 503(c) because, upon information and belief, Class Members

reside in the County of Nassau, State of New York.

## CLASS ALLEGATIONS

9. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

10. This action is brought on behalf of the Named Plaintiff and a class consisting of each and every other person who worked for Defendants in the State of New York in nonexempt positions between February 2011 and the date of the final judgment in this matter.

11. All said persons, including the Named Plaintiff, are referred to herein as the "Class." The members of the Class are readily ascertainable. The number and identity of the members of the Class are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each member of the Class are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

12. The proposed Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over 100 members of the Class who were employed by Defendants during the relevant time period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

13. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members including, but not limited to:

   a. Whether Defendants employed the Named Plaintiff and the members of the Class

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

within the meaning of the Labor Law;

    b. Whether Defendants properly compensated the Named Plaintiff and the members of the Class with for all compensable time worked; and

    c. Whether Defendants properly compensated the Named Plaintiff and the members of the Class with overtime compensation at one and one-half time their regular hourly rate.

14. The claims of the Named Plaintiff are typical of the claims of the Class.

15. The Named Plaintiff and members of the Class were all subject to Defendants' policies and willful practices.

16. The Named Plaintiff and the members of the Class thus have sustained similar injuries as a result of the Defendants' actions.

17. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

18. The Named Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The Named Plaintiff and class members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies

## FACTS

21. Upon information and belief, beginning in February 2011 and continuing through the present, Defendants employed the Named Plaintiff and other members of the putative class to

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

perform auto repair functions at Defendants' Firestone Complete Auto Care facilities.

22. For example, Defendants employed Plaintiff Shehab as an auto care technician from March 2016 through September 2016 at Defendants' West Islip location.

23. During his employment tenure, Plaintiff Shehab typically worked five days per week. In particular, he typically worked from approximately 9:00 a.m. to 7:00 p.m. on Mondays, Thursdays, and Fridays, from 7:00 a.m. to 5:00 p.m. on Wednesdays, and from 7:00 a.m. to 6:00 p.m. on Saturdays. For each such shift, Plaintiffs Shehab took a half-hour lunch break. In total, Plaintiff Shehab typically worked approximately 48.5 hours per week.

24. Despite typically working approximately 48.5 hours per week, Plaintiff Shehab's paystubs typically reflected he was only being compensated for some of those hours. The number of hours Plaintiff Shehab was typically compensated for varied, typically in proportion to the actual amount of time he spent servicing automobiles during such workweek.

25. Moreover, even in workweeks where Plaintiff Shehab was compensated for more than 40 hours in a given workweek – which was occasionally – he received only his regular hourly rate of pay of $18.00 per hour for all hours worked, including the hours over 40, instead of time and one half his regular hourly rate.

26. Additionally, Plaintiff Shehab was not provided spread of hours pay for days in which his shift ended more than 10 hours after it had begun.

27. Plaintiff Shehab is not exempt from overtime compensation under the Labor Law.

28. Upon information and belief, other non-exempt employees were compensated in a manner similar, if not the same, as Plaintiff Shehab, wherein they: (i) were not compensated for all hours worked; (ii) did not receive overtime pay at time and one-half their hourly rate for all hours worked in excess of 40 in a given workweek; (iii) did not receive spread of hours pay for

days in which their shifts ended more than 10 hours after they had begun.

29. At the outset of his employment, Plaintiff Shehab was not provided with a notice of his pay rate and pay date.

30. Upon information and belief, other employees, like Plaintiff Shehab, were not provided with notices of their pay rate and pay date.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK MINIMUM WAGE COMPENSATION

31. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs as if they were set forth again herein.

32. Defendants are "employers," within the meaning contemplated pursuant to Labor Law Article 6 § 190(3), Labor Law Article 19 § 651(6), and cases interpreting same.

33. The Named Plaintiff and members of the putative class are "employees," within the meaning contemplated pursuant to Labor Law Article 6 § 190(2), Labor Law Article 19 § 651(5), 12 NYCRR § 142-2.14, and cases interpreting same.

34. Title 12 NYCRR § 142-2.1(b) requires that "[t]he minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer...."

35. Labor Law § 652(1) provides that "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than: ... $7.15 per hour on and after January 1, 2007,[1] $8.00 per hour on and after December 31, 2013, $8.75 per hour on and after December 31, 2014, $9.00 per hour on and after December 31, 2015"

36. Here, the Named Plaintiff and, upon information and belief, members of the

---

[1] The prior version of 12 NYCRR § 142-2.1(a)(2) demonstrates that the applicable minimum wage was $7.25 on and after July 24, 2009, through December 31, 2013

6

putative class were paid less than the minimum wage for all hours in which they worked.

37. Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

38. By the foregoing reasons, Defendants violated the Labor Law and 12 NYCRR Part 142 and are liable the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, and attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME COMPENSATION

39. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs as if they were set forth again herein.

40. Title 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate.... The applicable overtime rate shall be paid for each workweek for working time over 40 hours."

41. Here, the Named Plaintiff and, upon information and belief, members of the putative class worked in excess of 40 hours in given workweeks yet were not paid at rate of one and one-half times their regular hour rate for all such overtime hours worked.

42. According to the Labor Law, implementing regulations, and the cases interpreting same, the Named Plaintiff and members of the putative class are not exempt from receiving overtime compensation.

43. By the foregoing reasons, Defendants violated the Labor Law and 12 NYCRR Part 142 and are liable the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, and attorneys' fees and costs.

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES

44.  Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs as if they were set forth again herein.

45.  Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Named Plaintiff and members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

46.  In failing to pay the Named Plaintiff and members of the putative class minimum wages for time worked within the appropriate timeframe, Defendants violated Labor Law § 191.

47.  Pursuant to Labor Law § 193, "[n]o employer shall make any deduction from the wages of an employee," such as the Named Plaintiff and members of the putative class, that is not otherwise authorized by law or by the employee.

48.  By withholding minimum wages and overtime compensation from the Named Plaintiff and, upon information and belief, members of the putative class, pursuant to Labor Law § 193 and the cases interpreting same, Defendants made unlawful deductions.

49.  Upon information and belief, Defendants' failure to pay minimum and overtime wages to the Named Plaintiff and, upon information and belief, members of the putative class was willful.

50.  By the foregoing reasons, Defendants violated the Labor Law and 12 NYCRR Part 142 and are liable the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: SPREAD OF HOURS COMPENSATION

51.  Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

as if they were set forth again herein.

52. Pursuant to 12 NYCRR § 142-2.4, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

53. Here, at times the Named Plaintiff, and upon information and belief, members of the putative class, worked shifts that ended more than 10 hours after such shifts had begun, meaning their spread of hours exceeded 10 hours on such workdays, yet Defendants failed to compensate these employees with an additional hour's pay at the basic minimum hourly wage rate for all such workdays.

54. Accordingly, Defendants failed to pay the Named Plaintiff and members of the putative class all earned wages.

55. By the foregoing reasons, Defendants violated the Labor Law and 12 NYCRR Part 142 and are liable the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, and attorneys' fees and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK WAGE THEFT PREVENTION ACT

56. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs as if they were set forth again herein.

57. Pursuant to Labor Law Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice.... For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

58. Here, the Named Plaintiff and, upon information and belief, members of the putative class did not receive a notice in writing within ten business days of their first day of employment – or at any time thereafter – listing all required information, including the rates at which they were to be compensated and their regular pay day as designated by Defendants.

59. Labor Law Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

its discretion deems necessary or appropriate."

60. By the foregoing reasons, Defendants have violated Labor Law Article 6 § 195(1)(a), and are liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of members of the putative class, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5) on the fifth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(6) on the sixth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

FILED: NASSAU COUNTY CLERK 02/10/2017 03:13 PM
NYSCEF DOC. NO. 1

INDEX NO. 601225/2017
RECEIVED NYSCEF: 02/10/2017

(7) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
February 10, 2017

LEEDS BROWN LAW, P.C.

*[signature]*

Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiff and Putative Class*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JOSHUA SHEHAB, individually and on behalf of others similarly situated,<br><br>              Plaintiffs,<br><br>- against -<br><br>BRIDGESTONE RETAIL OPERATIONS, LLC; and any other related entities,<br><br>              Defendants. | Index No.: 601225/2017<br><br>**STIPULATION** |

IT IS HEREBY STIPULATED AND AGREED by and between the below named attorneys as follows:

1. Without waiver of any of its defenses or rights in the above matter, Defendant BRIDGESTONE RETAIL OPERATIONS, LLC ("Defendant") accepts services of the Summons & Complaint in the above action on March 1, 2017.

2. Defendant's time to answer, move, or otherwise respond to the Complaint is hereby extended up to and including April 4, 2017.

3. Plaintiffs' time to file for class certification pursuant to CPLR §§ 901 and 902 is extended to a date to be set forth in the Preliminary Conference Order

4. Any copy, reproduction, PDF, fax, email or otherwise will be deemed an original and this stipulation can be filed with the Court upon full execution.

Dated: March 6, 2017           Dated: March 6, 2017

  LEEDS BROWN LAW, P.C.         HOLLAND & KNIGHT LLP

By: _____      By: _____
  Brett R. Cohen, Esq.            Loren Lee Forrest, Jr., Esq.
  One Old Country Road, Suite 347      31 West 52nd Street
  Carle Place, New York 11514        New York, New York 10019
  Tel: (516) 873-9550            Tel: (212) 513-3200

  *Attorneys for Plaintiffs*           *Attorneys for Defendant*